CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED

10/7/2025

LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## BIG STONE GAP DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 2:23-CR-01 |
| v. | ) | |
| | ) | |
| | ) | By: Michael F. Urbanski |
| DAVID EDWARD FARMER, | ) | Senior United States District Judge |
| Defendant-Petitioner | ) | |

## MEMORANDUM OPINION

This matter comes before the court on David Edward Farmer's pro se motion for a

sentence reduction filed pursuant to 18 U.S.C. § 3582(c)(1)(A), commonly known as a motion

for "compassionate release," and his motion for a sentence reduction under 18 U.S.C. §

3582(c)(2). ECF No. 337. The Federal Public Defender was given an opportunity to file a

supplemental motion on Farmer's behalf but declined to do so. ECF Nos. 339, 349. The

government filed a response to Farmer's motion on August 11, 2025. ECF No. 352. As

discussed more fully below, the court **DENIES** his motion.

### I. Background

On July 11, 2023, Farmer entered into a plea agreement in which he agreed to plead

guilty to a lesser included offense of conspiring to distribute and possess with intent to

distribute heroin in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846 and one count of possessing

a firearm in furtherance of a drug trafficking crime and using and carrying a firearm during

and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Plea Agreement,

ECF No. 180. On November 28, 2023, he was sentenced to a term of 96 months to be

followed by a 3-year term of supervised release. J., ECF No. 288. The sentence was comprised

of 36 months on the drug charge and 60 months on the firearm charge, to run consecutively.

Id. Farmer currently is housed at Federal Correctional Institution Talladega and has a projected

release date of November 11, 2029.[1]

Farmer seeks a sentence reduction based on his health, his wife's health, his efforts at

rehabilitation, and a change to the sentencing guidelines. Mot., ECF No. 337. The government

counters that none of the grounds he raises provides a basis for the court to reduce his

sentence. Resp., ECF No. 352.

## II. Analysis

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First

Step Act, authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has
> been imposed except that—in any case—the court, upon motion
> of the Director of the Bureau of Prisons, or upon motion of the
> defendant after the defendant has fully exhausted all
> administrative rights to appeal a failure of the Bureau of Prisons
> to bring a motion on the defendant's behalf or the lapse of 30
> days from the receipt of such a request by the warden of the
> defendant's facility, whichever is earlier, may reduce the term of
> imprisonment (and may impose a term of probation or
> supervised release with or without conditions that does not
> exceed the unserved portion of the original term of
> imprisonment), after considering the factors set forth in section
> 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction
> . . . and that such a reduction is consistent with applicable policy
> statements issued by the Sentencing Commission.

Accordingly, Farmer's requested relief requires the court to consider (1) if he exhausted

his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons

---

[1] https://www.bop.gov/inmateloc/ (search term "David Edward Farmer") (last viewed Sept. 26, 2025).

2

that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

## A. Exhaustion

The court begins by considering the threshold requirement for obtaining relief under § 3582(c)(1)(A). United States v. Muhammad, 16 F. 4th 126, 129–30 (4th Cir. 2021). This requirement, which is non-jurisdictional, is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on their behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of their initial request to file a motion in the district court." Id. at 131.

The government asserts that the Bureau of Prisons ("BOP") does not have a record of Farmer submitting a request for compassionate release to the warden of his facility. Farmer did not include a copy of any request with his motion and did not indicate that he had filed such a request. Mot., ECF No. 337. While the exhaustion requirement is a non-jurisdictional claim-processing rule and can be waived by the government, Muhammad, 16 F.4th at 129–130, when the government raises exhaustion as a defense, the district court must address the issue. United States v. Spencer, No. 20-7171, 2022 WL 355775 (4th Cir. 2022) (per curiam). See also Rice v. Rivera, 617 F.3d 802, 810 (4th Cir. 2010) ("Claim-processing rules, by contrast, are to be rigidly applied when invoked by a litigant, but can be forfeited if not raised and pursued in a timely fashion.") Once the government raises the issue, the burden is on the defendant to show either that he has exhausted his remedies or that 30 days have passed since he made his request. United States v. Poole, No. 3:01-CR-00193-GCM, 2024 WL 4271587 at *1 (W.D.N.C. Sept. 23, 2024).

3

'

In this case, Farmer does not claim to have exhausted his administrative remedies and the record before the court indicates that he has not done so. Because the court must "rigidly apply" the exhaustion requirement and Farmer presented no evidence of exhaustion, the court now finds that Farmer did not exhaust his administrative remedies and his motion is **DISMISSED without prejudice** for that reason. See <u>United States v. Holloway</u>, No. DKC 13-0525-2, 2020 WL 5407812 (D. Md. Sept. 9, 2020) (denying without prejudice motion for compassionate release as unexhausted where defendant did not include evidence of exhaustion with motion). In the alternative and as discussed below, the court **DENIES** Farmer's motion on the merits.

### B. Merits

Effective November 1, 2023, the United States Sentencing Commission amended the policy statement that addresses motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) when a defendant alleges that extraordinary and compelling reasons warrant a reduction. See U.S. SENT'G COMM'N, GUIDELINES MANUAL § 1B1.13 (Nov. 2023) (USSG or guidelines). The revised policy statement will be applied to Farmer's motion.

### (1) Farmer's Health Condition

Farmer contends that he is entitled to compassionate release because he has serious medical issues related to cysts on his testicles. In addition, he uses a wheelchair to ambulate and prison medical staff have recommended that he undergo a total hip replacement. Mot., ECF No. 337.

4

A defendant may show an extraordinary and compelling reason for a sentence reduction based on medical circumstances when he can demonstrate the following:

> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is—
>
> (i) suffering from a serious physical or medical condition,
>
> (ii) suffering from a serious functional or cognitive impairment, or
>
> (iii) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

USSG § 1B1.13(b)(1)(A)–(C).

While "self-care" is not defined in the policy statement, courts that have examined the issue have required petitioners to show a high level of disability.[2] For example, in <u>United States</u>

---

[2] BOP Program Statement 5050.50 addresses compassionate release for inmates who have suffered a debilitating injury from which they will not recover. The BOP considers release if the inmate is completely disabled, meaning the inmate cannot carry on any self-care and is totally confined to bed or chair; or is capable of only limited self-care and is confined to a bed or chair more than fifty percent of waking hours. BOP review also considers any cognitive deficits of the inmate although a cognitive deficit is not required in cases of severe physical impairment but may be a factor when considering the inmate's ability or inability to reoffend. While the program statement is not binding on the courts, it indicates the severity of a disability that the BOP finds necessary before considering an inmate eligible for compassionate release.

v. Handy, No. PJM 04-0559, 2020 WL 2041666 (D. Md. April 28, 2020), a district court found

that an inmate was unable to provide self-care when he could not walk and was confined to a

wheelchair or bed twenty-four hours per day, needed help breaking his food into small pieces,

fetching a meal tray, opening packaging, and clipping his toenails due to his right hand being

"completely deformed. Id. at *4 (internal citations omitted). Conversely, in United States v.

Mattingley, No. 6:15-cr-00005, 2020 WL 974874 (W.D. Va. Feb. 28, 2020), the court found

that a double amputee who required the use of prosthetics to ambulate and who also suffered

from phantom pain, a propensity for infection, diabetes, kidney disease, and high blood

pressure had not shown that he could no longer provide self-care. Id. at *1, 5. In United States

v. Coleman, No. 3:17-cr-8, 2020 WL 5016967 at *3 (W.D. Va. Aug. 18, 2020), the court found

that an inmate with vision loss due to uveitis who could not climb stairs and was limited to a

lower bunk did not show his condition was so severe that he could not provide himself with

self-care. Similarly, in United States v. Casey, No. 1:06-CR-00071, 2019 WL 1987311, at *1

(W.D. Va. May 6, 2019), the court determined that a defendant's limited mobility and inability

to climb stairs did not suffice to show to he was unable to engage in self-care. See also United

States v. Clark, No. 3:13-CR-163-FDW-1, 2019 WL 1052020, at *1 (W.D.N.C. Mar. 5, 2019)

("declining health, diabetes, stage-3 kidney failure, and back issues that require a walker" did

not compromise ability to provide self-care).

Based on the medical records submitted by Farmer and the government, Farmer

cannot show that either of his medical conditions rises to the level of an extraordinary and

compelling reason for a sentence reduction. Regarding the cysts, it appears that Farmer had

surgery to remove them on April 21, 2025, and there is no indication that they have diminished

6

his ability to provide self-care within the prison facility, or that he is not receiving care that he needs in relation to the cysts. BOP Med. R. from April 23, 2025. Thus, his medical condition related to the cysts does not present an extraordinary and compelling reason for a sentence reduction.

Regarding his hip impairment, Farmer is correct that the records indicate that the medical staff at his facility has recommended that he undergo a total hip replacement. As of July 22, 2025, imaging showed posttraumatic/surgical changes with hardware involving the right hip/acetabulum resulting in significant artifact, severe osteoarthritis of the right hip with a small joint effusion and proximal right femoral marrow edema, and possible stress fracture in the intertrochanteric region of the right hip. Farmer is wheelchair-bound, and pain severely affects his activities of daily living. BOP Med. R. from July 22, 2025.

While the condition of Farmer's hip has the potential to deteriorate such that he could be found to have a serious functional impairment that substantially diminishes his ability to provide self-care within the facility and from which he is not expected to recover, the record does not support that finding at this time. Farmer uses a wheelchair and there are notations in the record where he has reported falling, but he otherwise appears to be able to provide self-care. He does not report being unable to feed himself or get dressed, and he is able to transfer himself from his bed to his wheelchair. BOP Med. R. from Oct. 10, 2024. One of the most recent medical records submitted indicates that the target date for hip replacement surgery was September 24, 2025, and it was given "urgent" priority. BOP Med. R. from July 22, 2025. Although this notation is no guarantee that Farmer will be provided the surgery in a timely manner, it indicates that the BOP anticipates providing the specialized care that he needs.

7

Accordingly, the problems with Farmer's hip do not present an extraordinary and compelling reason for a sentence reduction at this time. Therefore, the court will not find that Farmer is entitled to a sentence reduction based on medical circumstances and his motion for compassionate release based on his allegations of serious health issues is **DENIED**.

### (2) Farmer's Wife's Medical Condition

Farmer also seeks compassionate release based on his wife's medical condition, stating that she has been diagnosed with cancer and is legally blind. Mot., ECF No. 337 at 2. Under the revised guidelines, to demonstrate an extraordinary and compelling reason for a sentence reduction based on the need to care for a spouse or registered partner, a defendant must show "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." USSG § 1B1.13(b)(3).

Farmer's allegations regarding his wife's health present an insufficient basis on which the court could find an extraordinary and compelling reason for a sentence reduction. While his wife's medical conditions are undoubtedly serious, Farmer has not shown that she is incapacitated by them, or if she were, that he is her only available caregiver. Without doing so, his claim that he is entitled to a sentence reduction on this basis must be **DENIED**.

### (3) Rehabilitation

Farmer also asserts that he is entitled to a sentence reduction because he has been a model prisoner and his conduct while incarcerated demonstrates his commitment to rehabilitation and reintegration into society. Mot., ECF No. 337 at 1. The relevant policy statement provides the following regarding rehabilitation:

> Rehabilitation of the Defendant—Pursuant to 28 U.S.C. § 994(t),
> rehabilitation of the defendant is not, by itself, an extraordinary

8

and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

USSG § 1B1.13(d). Neither party submitted evidence of Farmer's institutional record, but even assuming that Farmer has done well since being incarcerated, without showing an extraordinary and compelling ground for a sentence reduction based on another reason listed under USSG § 1B1.13, he cannot show that he is entitled to a sentence reduction under USSG § 1B1.13(d). As he has not done so, his motion for a sentence reduction must be **DENIED.**

### (4) Change in the Law

Farmer contends that he is entitled to a reduction in his sentence "in light of amendments to 18 U.S.C. § 924(c)" that became effective on November 1, 2024. He claims that the amended statute allows for grouping of firearm and drug trafficking charges, creating the potential for a sentence reduction for him. Mot., ECF No. 337 at 1. Farmer cannot prevail on this claim.

First, to clarify, 18 U.S.C. § 924(c) was not amended in 2024. Farmer appears to be referring to an amendment to Application Note 4 to USSG § 2K2.4, which resolved a circuit conflict by explicitly instructing that "[i]f two or more counts would otherwise group under subsection (c) of § 3D1.2 (Groups of Closely Related Counts), the counts are to be grouped together under § 3D1.2(c) despite the non-applicability of certain enhancements under Application Note 4(A)." The change to the Application Note addresses whether a felon in possession count under 18 U.S.C. § 922(g) can be grouped with a drug trafficking count, when the defendant also has a separate conviction for using a firearm during a drug trafficking

9

offense under 18 U.S.C. § 924(c). See Amendments to the Sentencing Guidelines, April 30, 2024, at 19.[3]

This change to the Application Note does not affect Farmer's sentence, because he was not convicted of being a felon in possession under § 922(g), and the court did not apply the note at sentencing. When the court sentenced Farmer on the drug offense, it calculated his base offense level using the drug weight for which he was held accountable. Presentence Investigation Report (PSR), ECF No. 277 ¶ 90. Farmer had a base offense level of 26, reduced by 3 levels for acceptance of responsibility to 23. Id. ¶¶ 95-104. His total offense level together with his criminal history category of III gave him a guidelines sentencing range of 57 to 71 months, and the court varied downward to a term of 36 months. Id. ¶ 148; J., ECF No. 288. On the firearm offense, the guidelines sentence was the minimum term of imprisonment required by statute, applied consecutively to the sentence for the drug offense, in accordance with USSG§ 2K2.4(b). PSR, ECF No. 277 ¶ 148. The court sentenced Farmer to 60 months, which was the mandatory minimum sentence on the firearm conviction, and 36 months on the drug conviction, for a total of 96 months. J., ECF No. 288. Neither the prior nor current version of Application Note 4 affected Farmer's sentence because he was not convicted of being a felon in possession of a firearm and the § 924(c) conviction cannot be grouped under the guidelines.

---

[3] Available at https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2024. Farmer's request for a sentence reduction in response to an amendment to the guidelines is assessed under 18 U.S.C. § 3582(c)(2), rather than 18 U.S.C. § 3582(c)(1), because that section of the statute addresses motions for sentence reductions based on a guidelines sentencing range that has been lowered. See 18 U.S.C.A. § 3582(c)(2).

Moreover, even if Farmer's offenses were subject to grouping, the changes to Application Note 4 to USSG § 2K2.4 do not apply retroactively. The application note was modified pursuant to Amendment 828 to the guidelines. See historical note following USSG § 2K2.4. Under 18 U.S.C. § 3582(c)(2), the court can only reduce a sentence if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. A reduction is not consistent with the applicable policy statement, USSG §1B1.10, if it is not listed at USSG § 1B1.10(d). See USSG § 1B1.10(a). Amendment 828 is not listed in § 1B1.10(d), and therefore the court could not apply it to Farmer's case retroactively. Accordingly, there is no basis on which the court could reduce Farmer's sentence pursuant to 18 U.S.C. § 3582(c)(2) and this claim is **DENIED**.[4]

## III. Conclusion

For the reasons stated herein, the court **DISMISSES** Farmer's motion, ECF No. 337, as unexhausted and, alternatively, **DENIES** it on the merits.

An appropriate order will be issued.

It is so **ORDERED**.

Entered: October 6, 2025

Michael F. Urbanski
Senior United States District Judge

---

[4] Because the court determined that Farmer has not shown an extraordinary and compelling reason for a sentence reduction, it need not assess the § 3553(a) factors. See United States v. Bethea, 54 F.4th 826, 833 (4th Cir. 2022) (describing the "extraordinary and compelling" reasons for relief as a threshold for eligibility); United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.")